# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **R&N AUTOMOTIVE, INC.,** | : | CIVIL ACTION NO. 1:09-CV-0326 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,** | : | |
| **Defendant** | : | |

## <u>ORDER</u>

AND NOW, this 3rd day of December, 2009, upon consideration of the correspondence exchanged by the above-captioned parties concerning defendant's alleged inadvertent production of documents,[1] and, after reviewing the documents at the center of the dispute, it appearing that the communications at issue are protected by the attorney-client privilege,[2] see <u>Kelly v. Ford Motor Co.</u>, 110 F.3d 954, 965 (3d Cir. 1997) (explaining that correspondence is privileged under Pennsylvania law if the communication was for the purpose of obtaining legal

---

[1] Letter briefs were sent to the court on October 21, 2009, November 2, 2009, and November 6, 2009. Copies of the allegedly privileged documents were appended to plaintiff's October 21 correspondence.

[2] Plaintiff claims that the documents in question are not privileged because the above-captioned action is one for bad faith. However, several courts have held that there is no bad faith exception under Pennsylvania law, <u>see, e.g.</u>, <u>Oak Lane Printing & Letter Serv., Inc. v. Atl. Mut. Ins. Co.</u>, Civ. A. No. 04-3301, 2007 WL 1725201, at *3 (E.D. Pa. June 13, 2007); <u>Provident Life & Accident Ins. Co. v. Nissenbaum</u>, No. Civ. A. 97-5666, 1998 WL 800323, at *1 (E.D. Pa. Nov. 17, 1998), and plaintiff points the court to no authority to suggest otherwise.

advice, and that a "corporation may claim the privilege for communications between its counsel and employees who have authority to act on its behalf"), and that defendant did not waive the privilege by inadvertently producing the documents in question, see FED. R. EVID. 502(b); Rhoads Indus. v. Bldg. Materials Corp. of Am., 254 F.R.D. 216, 219 (E.D. Pa. 2008) (providing five-factor inquiry to determine whether inadvertent disclosure operates as a waiver of privilege), it is hereby ORDERED that:

1. The documents appended to plaintiff's October 21, 2009 correspondence are protected by the attorney-client privilege doctrine and were inadvertently produced. Plaintiff shall destroy its copies of the documents in question, and use of the documents shall not be permitted as discovery moves forward. FED. R. CIV. P. 26(b)(5)(B).

2. Defendant shall forthwith create a privilege log covering the documents in question. Defendant shall thereafter provide a copy of the log to plaintiff as soon as practicable.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge